IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **TERSHAUD SAVORYEA ROSE,** | |
| **Plaintiff,** | |
| v. | Case No. 6:17-cv-00012-NKM |
| **CENTRA HEALTH, INC., et al.,** | |
| **Defendants.** | |

**DEFENDANT RUDOLPH TIDWELL'S REBUTTAL BRIEF IN SUPPORT OF HIS RULE 12(b)(6) PARTIAL MOTION TO DISMISS**

COMES NOW, Defendant Rudolph Tidwell ("TIDWELL"), by counsel, as and for his Rebuttal Brief in Support of his Rule 12(b)(6) Partial Motion to Dismiss, and respectively states as follows:

The defense maintains all arguments set forth in Defendant TIDWELL's Memorandum of Law in Support of his Rule 12(b)(6) Partial Motion to Dismiss. This Rebuttal Brief is to concisely point out the various deficiencies in the Plaintiff's Reply Brief to the aforementioned Motion to Dismiss.

### I. SCOPE OF TIDWELL'S APPOINTMENT AS A SCOP

The Plaintiff's arguments fail to adequately address the Defendant's assertion that dismissal is appropriate. Specifically, the Plaintiff did not address the impact of attaching and incorporating by reference the SCOP Order of Appointment as Exhibit 3 to the Complaint. Instead the Plaintiff argues that the defense's position "fails because it spills over the banks of the allegations." See Plaintiff's Opposition to Tidwell's Rule 12(b)(6) Partial Motion to Dismiss, page 8, line 5-6. This is inaccurate because, as stated below, the SCOP Order of

1

Appointment is part of the Complaint and can be considered for all purposes including this Motion to Dismiss.

It is axiomatic that a motion to dismiss tests the sufficiency of a complaint, and the evaluation is thus generally limited to a review of the allegations of the complaint itself. <u>Goines v. Valley Cmty. Servs. Bd.</u>, 822 F.3d 159, 165-66 (4th Cir. 2016) (internal citations omitted). However, the 4th Circuit of Court of Appeals has stated that a court will also consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits. <u>Id</u>.; see also Fed. R. Civ. P. 10(c). This is explicitly stated in Fed. R. Civ. P. 10(c), which reads in pertinent part as follows:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading *for all purposes*.

(emphasis added). Accordingly, the SCOP Order of Appointment can be used for all purposes including this Court's evaluation of TIDWELL's Rule 12(b)(6) Motion to Dismiss. See generally <u>Goines</u>, 822 F.3d 159; Fed. R. Civ. P. 10(c).

The scope of TIDWELL's authority under the SCOP Order of Appointment is clearly defined and very narrow. This Court can look at the factual allegations of TIDWELL's conduct and make a determination as to whether he was acting within or outside of his SCOP limited authority. For the reasons stated in TIDWELL's Memorandum of Law in Support of his Rule 12(b)(6) Partial Motion to Dismiss he was not acting within the scope of his SCOP Order of Appointment and thus not acting under the color of state law.

## II.  GOVERNMENTAL PARTICIPATION AND CONSPIRACY

The mere involvement or parallel conduct of state officials and private person does not automatically make the private persons conduct that under the color of state law. This Court

2

must evaluate the alleged joint participation to see if it conveys the color of state authority onto the TIDWELL. In this case the Plaintiff has failed to allege or assert any facts that TIDWELL conspired with or jointly participated with the LPD to an extent that would convey the color of state authority upon him. The Plaintiff's allegations on these issues are conclusory in nature and thus not sufficient to defeat a motion to dismiss.

Moreover, the allegations in this case are distinguishable from those cited by the Plaintiff. Conduct under color of state law may be extended to private individuals who conspire with state officials to violate an individual's constitutional rights. Tower v. Glover, 467 U.S. 914, 920, 104 S. Ct. 2820, 81 L. Ed. 2d 758 (1984). However, to establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Id. A plaintiff's factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A plaintiff's allegations must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Hinkle, 81 F.3d at 422.

The Plaintiff's allegations are not sufficient to defeat TIDWELL's Motion to Dismiss for the reasons set for his Memorandum of Law in Support of his Rule 12(b)(6) Partial Motion to Dismiss. Specifically, the Plaintiff has only alleged joint action in a conclusory nature and has failed to allege specific facts as required.

3

## III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

The Plaintiff primarily relies on Almy v. Grisham, 273 Va. 68, 639 S.E.2d 182 (2007) for his argument that he has sufficiently alleged "severe" emotional distress as required. This case is not helpful to the Plaintiff's argument and actually proves the defense's argument about the required specificity of allegations of "severe" emotional distress. In Almy, the court held that Almy adequately alleged that she suffered severe emotional distress. This was based on the allegations of depression, nervousness, and an inability to sleep, which ultimately caused a complete disintegration of virtually every aspect of her life. She allegedly was unable to manage her mother's financial affairs, to carry out her family duties, or to perform her various charitable endeavors. Id. 273 Va. at79-80, 639 S.E.2d at 188. Also, the court stated it was relevant that Almy's allegations that due to her "major depressive disorder" caused by the defendants' false accusations, she was required to undergo extensive therapy from a healthcare professional.

The court held that these allegations were materially different from the allegations of severe emotional distress in Russo v. White, 241 Va. 23, 400 S.E.2d 160 (1991), which we held were inadequate to survive a demurrer. Unlike the plaintiff in Russo, Almy alleged that she was required to seek professional counseling because of her depression occasioned by the defendants' misconduct. The court likewise concluded that Almy's allegations of severe emotional distress exceed those alleged by the plaintiff in Harris v. Kreutzer, 271 Va. 188, 624 S.E.2d 24 (2006). While both Almy and the plaintiff in Harris alleged that they required counseling and suffered from severe psychological trauma, depression, humiliation, and injury to reputation, Almy additionally alleged that the defendants' actions rendered her functionally incapable of carrying out any of her work or family responsibilities. See Id. 271 Va. at 204-05, 624 S.E.2d at 34. In Almy, the Plaintiff alleged her emotional distress reached such a level of

4

severity that "[e]very aspect of [her] life [was] fundamentally and severely altered," such that she "had trouble even walking out of the front door." As a result, Almy's motion for judgment sufficiently alleges emotional distress "so severe that no reasonable person could be expected to endure it." See Id. 271 Va. at 205, 624 S.E.2d at 34. (citing Russo, 241 Va. at 28, 400 S.E.2d at 163).

The allegations in Almy go beyond merely reciting "buzz words" as the Plaintiff has in this case. In Almy there are factual allegations as to how the "severe" emotional distress affected her everyday life. In this case, the Plaintiff merely states that he suffered "(i) humiliation, (ii) embarrassment, (iii) anxiety, (iv) depression, (v) damage to his reputation, (vi) fear, (vii) panic, and severe emotional distress." See Plaintiff's Complaint ¶ 594. The Complaint is devoid of any factual allegations as to how this "severe" emotional distress affected his life. As such, under the cases cited by the Plaintiff including Almy he has failed to allege sufficient facts to maintain an IIED cause of action against the Defendant.

WHEREFORE Defendant Rudolph Tidwell, by counsel, respectfully requests that the Court grant his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss the aforementioned claims with prejudice, order that the Plaintiff take nothing by way of these claims, and grant Defendant all other relief to which he is justly entitled.

Respectfully submitted,

RUDOLPH TIDWELL
By Counsel

5

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


/s/  Dustin T. Rosser
Cynthia L. Santoni, Esq., VSB No. 23172
Eric P. Burns, VSB No. 76554
Dustin T. Rosser, Esq., VSB No. 77264
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
(703) 245-9300/(703) 245-9301 (fax)
Cynthia.Santoni@WilsonElser.com
Eric.Bruns@WislonElser.com
Dustin.Rosser@WilsonElser.com
*Attorneys for the Defendants*
*Tidwell, Cooper, and Woody*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of May, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record:

>/s/  Dustin T. Rosser
>Cynthia L. Santoni, Esq.
>Eric P. Burns
>Dustin T. Rosser

6

720604v.1
Case 6:17-cv-00012-NKM-RSB   Document 39   Filed 05/15/17   Page 6 of 6   Pageid#: 538