CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/29/2017
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

TERSHAUD SAVORYEA ROSE,

*Plaintiff*;

v.

CENTRA HEALTH, INC., *et al.*,

*Defendants*.

Case No. 6:17-cv-12

# PROTECTIVE ORDER

It is hereby ordered that the terms and conditions of this Protective Order shall be applicable to and govern depositions, documents and tangible things produced in response to requests for production thereof, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to applicable rules governing discovery, as well as testimony adduced at trial, matters in evidence, and other information exchanged by the parties in the captioned action (hereafter referred to as "this action") or produced by a non-party, which the disclosing party designates as confidential hereunder.

It is hereby **ORDERED** as follows:

1. **DESIGNATION OF CONFIDENTIAL MATERIALS**

    A.    **Documents and other information.** Any party to this action, or any non-party that is subject to a discovery subpoena, in responding to discovery in this action (hereinafter "designating party"), shall have the right to designate as "Confidential Information" any information, document or thing which it is disclosing and which it believes in good faith constitutes, contains, embodies, or reflects confidential medical information, policies, trade

secrets, evaluations of medical professionals, information about medical patients, medical records, any information protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA") or other Federal or State law or regulation, communication between medical personnel and patients, any communication between medical personnel about patients, any policy, communication, or information, the disclosure of which would threaten public safety, technical, commercial, financial, personal or business information, revenue, profit, costs, margins, other materials that may give a party a competitive advantage in the market place, other valuable information covered by a legitimate privacy right or interest, or other non-public and confidential information.

B. **Deposition transcripts.** Deposition transcripts, or portions thereof, may be designated as "Confidential Information" by any party to this action, or by the deponent by written notice to all counsel of record within twenty-eight (28) days after the party wishing to make the designation receives the transcript.

C. **Disputes.** At any time after the delivery of documents designated 'confidential,' counsel for the receiving party may challenge the confidential designation of any document or transcript by providing written notice thereof to counsel for the producing party. The producing party then has 21 days to seek protection of the document or to drop its designation of 'confidential.' If the producing party seeks protection of the confidential document, by obtaining dates from the Court and all other parties within 60 days of the objection and by scheduling a hearing with the scheduling clerk and noticing the hearing once it is set, then the document shall remain 'confidential' until further ruling from this Court. All parties agree to act in good faith to provide available dates within 60 days of the objection and to make themselves available to appear at a hearing within 60 days of the date of the objection.

2. **RESTRICTION ON DISCLOSURE OF DESIGNATED MATERIALS**

A. No information, documents or things identified as "Confidential Information" under paragraph 1(A) above shall be disclosed to any person or entity except as set forth in this Protective Order. Nothing contained in this Protective Order shall affect the right of the designating party to disclose or use for any purpose the information, documents or things produced and/or designated by it as "Confidential Information."

B. Information, documents and things designated as "Confidential Information" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i) inside and outside counsel for each party to this action, including the law firms, their partners, shareholders, and associates who are working on this action on behalf of any party, and the paralegals, assistants, and stenographic and clerical employees working under the direct supervision of such attorneys;

(ii) Insurance carriers for the Defendants including its employees whom Defendants' counsel may deem necessary;

(iii) employees of Defendant or Defendants whom Defendants' counsel may deem necessary to consult for the preparation of trial of this case or other stages of this litigation and the Plaintiff in this action;

(iv) independent experts and consultants, and employees and assistants under the control of such experts or consultants, who are expressly retained or sought to be retained to assist in the preparation or trial of this action or to consult on this case, with disclosure only to the extent necessary to perform such work. "Confidential Information" shall not be disclosed to any

independent expert or consultant until that person has executed a written declaration in the form attached hereto as Exhibit A.

    (v)    court reporters performing services in connection with this action;

    (vi)    the Court or its staff in connection with the Court's administration and adjudication of this action;

    (vii)    outside vendors who perform litigation services including, but not limited to, computer database preparation, document coding, image scanning, photocopying, mock trial, jury profiling, translation, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services; and

    (viii)    any other individuals who are mutually agreed upon in writing by the parties to this action or who are approved by the Court upon motion by any party to this action.

    C.    Documents and things designated as "Confidential Information" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of those persons or entities referred to in this Order.

    D.    In the event that any "Confidential Information" is used in any court proceeding or deposition in connection with this litigation, it shall not lose its status as "Confidential Information" through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use.

    **3.**    **FILING DESIGNATED MATERIALS**

If it is necessary to file documents or things containing "Confidential Information" with the Court, such documents or things shall be filed under seal pursuant to the local rules of this Court, in particular local Rule 9. However, filing parties shall take care to coordinate with all parties in the action in order to minimize the impact of the designation of "Confidential Information" on the operations of this Court.

Page **4** of **6**

Case 6:17-cv-00012-NKM-RSB   Document 49   Filed 06/29/17   Page 4 of 6   Pageid#: 583

## 4. DISPOSITION OF DESIGNATED MATERIALS AT END OF THE CASE

A. Upon termination of this action, within sixty (60) days, unless otherwise agreed to in writing by an attorney of record for the designating party, each party to this action shall either (a) assemble and return all information, documents and things designated as "Confidential Information," including all copies, summaries, excerpts, charts or notes thereof, to the party or person from whom the "Confidential Information" was obtained; or (b) certify in writing that all such information and material has been destroyed (including copies provided to third parties).

## 5. PROVISIONS REGARDING INADVERTENT DISCLOSURE

A. The inadvertent or unintentional disclosure by a party or non-party of information, documents or things which it believes should have been designated as "Confidential Information," or other information that should not have been produced in this case, regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's or non-party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party or non-party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. If a party or non-party inadvertently or unintentionally produces or provides discovery of any "Confidential Information" or otherwise produces irrelevant information, without designating it as such, the party or non-party may give written notice to the receiving party(ies) that the information or material is "Confidential Information" and should be treated in accordance with the provisions of this Protective Order. The receiving party(ies) must treat such information or material as "Confidential Information" as notified from the date such notice is received.

B. The inadvertent or unintentional production of discovery which a party or non-party later claims should not have been produced because of a privilege, including but not limited

to the attorney-client privilege or work product privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges. A party or non-party may request the return of any Inadvertently Produced Privileged Material. A request for the return of any Inadvertently Produced Privileged Material shall identify the discovery inadvertently or unintentionally produced and the basis for withholding such discovery from production. If a receiving party discovers that discovery may have been inadvertently or unintentionally produced, it shall promptly notify the producing party. If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Material, the receiving party(ies) shall not use or disclose, and shall immediately cease any prior use of, such materials and shall return to the party or non-party the Inadvertently Produced Privileged Material or confirm that the Inadvertently Produced Privileged Material has been destroyed and in either case, destroy all copies thereof. The receiving party(ies) returning or destroying such Inadvertently Produced Privileged Material shall not assert as grounds for an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent or unintentional production.

C. This Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings), with the Court retaining jurisdiction to enforce the provisions thereof.

It is **SO ORDERED**.

Entered: June 29, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

Page **6** of **6**

Case 6:17-cv-00012-NKM-RSB   Document 49   Filed 06/29/17   Page 6 of 6   Pageid#: 585