IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

TERSHAUD SAVORYEA ROSE,

    *Plaintiff,*

v.

CENTRA HEALTH, INC., *et al.*,

    *Defendants.*

Case No. 6:17-cv-12

### DEFENDANT CENTRA HEALTH, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT CENTRA HEALTH, INC. TO DISCLOSE AND TO MAKE AVAILABLE CERTAIN INSURANCE AGREEMENTS FOR INSPECTION AND COPYING PURSUANT TO RULE 26(a)

Defendant Centra Health, Inc. ("Centra"), by counsel, submits this as its Opposition to Plaintiff's Motion to Compel Defendant Centra Health, Inc. To Disclose And To Make Available Certain Insurance Agreements For Inspection And Copying Pursuant To Rule 26(a) (the "Motion").[1]

In his Motion, Plaintiff asks the Court to order the production of certain insurance agreements. Given that Centra is self-insured and the highly sensitive nature of its commercial insurance matrix, Centra requested that a protective order be entered prior to the disclosure of its insurance policy. At the time of Plaintiff's motion, that order was being circulated among counsel. Via oral order, the Court ordered the parties to submit an agreed protective order on or before July 5, 2017.[2]

---

[1] ECF No. 46.
[2] ECF No. 47.

Thereafter Plaintiff indicated he would not oppose a protective order and the Defendants in the case agreed to such an order. Centra filed Defendants' agreed protective order on June 27, 2017,[3] which was entered by the Court on June 29, 2017.[4] Centra's first document production of 1489 documents, including insurance information related to coverage in this matter, was mailed on July 3, 2017.[5] Centra requested that Plaintiff agree to dismiss his motion, noting the insurance information was forthcoming. Plaintiff would not agree to do so at this time.

Plaintiff's Motion is moot as Plaintiff has received all of the relief requested. Centra requests that Plaintiff's Motion be denied as moot.

Respectfully,
CENTRA HEALTH, INC.

By: /s/ F. Elizabeth Burgin Waller

Of Counsel

Elizabeth Guilbert Perrow (VSB No. 42820)
F. Elizabeth Burgin Waller (VSB No. 74726)
Justin E. Simmons (VSB No. 77319)
J. Walton Milam III (VSB No. 89406)
WOODS ROGERS PLC
P. O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
eperrow@woodsrogers.com
bwaller@woodsrogers.com
jsimmons@woodsrogers.com
wmilam@woodsrogers.com
*Counsel for Defendant Centra Health, Inc.*

---

[3] ECF No. 48.
[4] ECF No. 49.
[5] Centra notes that in this case Plaintiff claimed in his initial *ad damnum* $500 million in damages. *See e.g.,* ECF 1 (civil cover sheet). These damages are currently the subject of a partial motion to dismiss, set to be heard on August 2, 2017. A large portion of the punitive damages sought exceeds the $350,000 per case cap set forth in Va. Code § 8.01-38.1. Rose even concedes that if he were to receive punitive damages on his state law claims, such an award would have to be reduced to a total of $350,000 for the entire case. See *Pl's Opposition to Centra's Partial Motion to Dismiss*, ECF No. 35, at 14. Centra has provided information regarding its insurance coverage up to $6.5 million in this case, which is the amount claimed without punitive damages in Plaintiff's initial disclosures. Given the pendency of the motion to dismiss the punitive damages, Centra has not outlined all possible coverage in the event of a $500 million verdict in this case.

## CERTIFICATE OF SERVICE

I hereby certify that on July 5 2017, I caused the foregoing document to be filed electronically using the CM/ECF system, which will send notification of the filing all counsel of record.


/s/ F. Elizabeth Burgin Waller