IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TERSHAUD SAVORYEA ROSE, | |
| *Plaintiff,* | |
| v. | Case No. 6:17-cv-12 |
| CENTRA HEALTH, INC., *et al.*, | |
| *Defendants.* | |

**DEFENDANT CENTRA HEALTH, INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR A PROTECTIVE ORDER PROHIBITING
PLAINTIFF FROM ENGAGING IN *EX PARTE* COMMUNICATION WITH
CENTRA'S CURRENT AND FORMER EMPLOYEES**

Defendant Centra Health, Inc. ("Centra"), by counsel, pursuant to Federal Rule of Civil

Procedure 26(c)(1), files this Memorandum in Support of its Motion for a Protective Order

Prohibiting Plaintiff Tershaud Rose ("Plaintiff") from Engaging in *Ex Parte* Communications

With Defendant Centra's Current and Former Employees.

**<u>INTRODUCTION</u>**

As part of his investigation in this lawsuit and other lawsuits threatened against Centra,[1]

counsel for Plaintiff, Paul Valois ("Mr. Valois"), has directly contacted or attempted to contact

current and former Centra employees. In particular, Mr. Valois has arrived unannounced at the

home of at least one current Centra employee during the pendency of this lawsuit. After Centra

asked Mr. Valois to stop directly contacting Centra employees, Mr. Valois agreed to refrain from

---

[1] Mr. Valois also represents a potential plaintiff, Jonathon Warner, in another matter he claims he will bring against
Centra and its security officers (the "Warner matter"). *See, e.g.,* http://wset.com/news/local/watch-attorney-for-
warner-family-speaks-out; http://wset.com/news/local/attorney-hired-by-family-of-man-shot-at-hospital-speaks-out.
This lawsuit appears calculated to obtain discovery to utilize in that lawsuit.

1

contacting current employees. Centra further asked Mr. Valois to agree to adhere to this Court's precedent with regard to contact with former employees. Mr. Valois refused to do so. Therefore, Centra respectfully requests an order setting forth guidelines for Mr. Valois' communications with former Centra employees.

As part of the discussions regarding Centra employees, Mr. Valois claims he will launch a website aimed at seeking information regarding Centra. While counsel for Centra has yet to see Mr. Valois' proposed website, Centra asks for the Court's guidance regarding any website to ensure it will not improperly elicit confidential and privileged information related to this case.

## STATEMENT OF FACTS

On May 27, 2017, Mr. Valois arrived unannounced at the former home of a current Centra employee, seeking to speak with the employee regarding her knowledge of facts regarding this suit and/or potential litigation against Centra.[2] The employee was not present at the home and Mr. Valois left his business card with instructions for the employee to call him. After learning of this, counsel for Centra e-mailed Mr. Valois about his communications with current Centra employees and asked him to refrain from directly communication with such persons. Mr. Valois agreed to cease communications with current Centra employees.[3]

However, based on Plaintiff's initial disclosures in this case, it became clear that Mr. Valois continued to communicate with former Centra employees. Counsel for Centra asked that Mr. Valois agree to abide by the Western District of Virginia's precedent with regard to *ex parte* communications with former employees. Mr. Valois refused to do so, stating "I think the

---

[2] After appearing at her home on May 27, 2017 and without speaking with her, Plaintiff disclosed the employee – Melea Moore – in his Second Supplemental Disclosures in this case on May 31, 2017, stating "Ms. Moore is a nurse employed by Centra and has information about Centra's custom of detaining patients without probable cause or other legal authority." *See* Exhibit 1.
[3] A copy of the correspondence related to this issue is collectively attached hereto as Exhibit 2.

2

Western District's rulings are too restrictive with regard to communication with former employees and were wrongly decided in many respects."[4]

The former employees with whom Mr. Valois has engaged in *ex parte* communications owe fiduciary duties to Centra and are privy to confidential medical information, the disclosure of which, even post-employment, would amount to a breach of fiduciary duty. Thus, Centra requested that Mr. Valois agree to the entry of an order akin to that entered in *Bryant v. Yorktowne Cabinetry, Inc.*, 538 F. Supp. 2d 948, 953-54 (W.D. Va. 2008):

> 1. Upon contacting any former employee, plaintiff's counsel shall immediately identify himself as the attorney representing plaintiff in the instant suit and specify the purpose of the contact.
>
> 2. Plaintiff's counsel shall ascertain whether the former employee is associated with defendant or is represented by counsel. If so, the contact must terminate immediately.
>
> 3. Plaintiff's counsel shall advise the former employee that (a) participation in the interview is not mandatory and that (b) he or she may choose not to participate or to participate only in the presence of personal counsel or counsel for the defendant. Counsel must immediately terminate the interview of the former employee if he or she does not wish to participate.
>
> 4. Plaintiff's counsel shall advise the former employee to avoid disclosure of privileged or confidential corporate materials. In the course of the interview, plaintiff's counsel shall not attempt to solicit privileged or confidential corporate information and shall terminate the conversation should it appear that the interviewee may reveal privileged or confidential matters.
>
> 5. Plaintiff's counsel shall create and preserve a list of all former employees contacted and the date(s) of contact(s) and shall maintain and preserve any and all statements or notes resulting from such contacts, whether by phone or in person, as they may be subject to in camera review to ensure compliance with this Order.

---

[4] *See* Exhibit 2 at 2.

3

As noted above, Mr. Valois said he would not agree to such an order.

One of the former employees with whom Mr. Valois has engaged in communication is Kenneth Roberts, a former Centra security employee whom Plaintiff disclosed in his initial disclosures on May 28, 2017. After receiving Plaintiff's initial disclosures, Centra issued a request for production of documents on June 26, 2017 seeking all correspondence with Kenneth Roberts.

Mr. Valois subsequently notified Centra for the first time on June 30, 2017 that "I have been retained to represent Kenneth Roberts to pursue claims against Centra Health, Inc. and others. Please do not communicate with Mr. Roberts and please be advised that my communication with him is privileged."[5]

Plaintiff disclosed Mr. Roberts in his initial disclosures, stating the following:

> Mr. Roberts is a special conservator of the Peace who was employed as a security guard by Centra Health, Inc. for more than 10 years. He has information about many instances of malfeasance, misconduct, negligence, nepotism and incompetence in the management and operation of security services at Centra Health, Inc. He purports to possess an extensive archive of documents supporting this information. While he did not participate in the pursuit, apprehension, detention, arrest or prosecution of Tershaud Savoryea Rose, he is aware of many incidents in which Centra security guards have violated the constitutional rights of others and he is aware that Centra's policies and customs have been constitutionally deficient for years.

Now that Centra has sought information regarding Mr. Roberts, Centra learned for the first time on June 30, 2017 that Mr. Roberts was represented by Mr. Valois.

In addition, in the course of corresponding with counsel for Centra regarding contact with Centra employees, Mr. Valois notified Centra of his intent to publish a website aimed exclusively at gleaning information from Centra employees. Upon information and belief, the

---

[5] See Exhibit 3.

4

proposed website allows for the submission of forms on which anyone can explain his or her experience at, or with, Centra. Mr. Valois indicates that its primary function is to solicit new clients who wish to sue Centra. Thus, upon information and belief, current or former employees can submit information to Mr. Valois that he or she believes could give rise to a legal claim.

Mr. Valois acknowledges that he intends to use any submissions with relevant information in the present suit. The website will include two disclaimers directing those making submissions to avoid disclosing confidential or privileged information. Upon information and belief, the website, however, has no mechanism to prevent the disclosure of privileged or confidential material.

<u>**ARGUMENTS AND AUTHORITIES**</u>

**I. MR. VALOIS MUST LIMIT HIS COMMUNICATIONS WITH FORMER CENTRA EMPLOYEES TO AVOID DISCLOSURE OF PRIVILEGED OR CONFIDENTIAL INFORMATION.**

Mr. Valois' attempts to elicit information from former Centra employees will likely lead to the disclosure of confidential and privileged materials. These *ex parte* conversations could impute liability on Centra, circumvent Centra's rights to protect privileged information, and lead to violation of federal laws which prohibit the disclosure of certain medical information. In *Armsey v. Medshares*, 184 F.R.D. 569, 574 (W.D.Va. 1998), the Court addressed a similar situation in which "Plaintiffs' counsel . . . informed the court that it seeks to speak to each of these former employees because Plaintiffs believe that they can impute liability upon Medshares through the statements, actions or omissions of these former employees." The Court ruled that such *ex parte* communications with former employees were improper. *Id.*

Similarly, in *Bryant v. Yorktowne Cabinetry, Inc.*, 538 F. Supp. 2d 948, 953-54 (W.D.Va. 2008), a case involving communications with former employees, Judge Urbanski allowed limited

*{#2220642-4, 106642-00076-01}*

communication with former employees, but imposed limitations to ensure that no privileged or confidential materials would be disclosed. Specifically, the court stipulated:

> 1. Upon contacting any former employee, plaintiff's counsel shall immediately identify himself as the attorney representing plaintiff in the instant suit and specify the purpose of the contact.

> 2. Plaintiff's counsel shall ascertain whether the former employee is associated with defendant or is represented by counsel. If so, the contact must terminate immediately.

> 3. Plaintiff's counsel shall advise the former employee that (a) participation in the interview is not mandatory and that (b) he or she may choose not to participate or to participate only in the presence of personal counsel or counsel for the defendant. Counsel must immediately terminate the interview of the former employee if he or she does not wish to participate.

> 4. Plaintiff's counsel shall advise the former employee to avoid disclosure of privileged or confidential corporate materials. In the course of the interview, plaintiff's counsel shall not attempt to solicit privileged or confidential corporate information and shall terminate the conversation should it appear that the interviewee may reveal privileged or confidential matters.

> 5. Plaintiff's counsel shall create and preserve a list of all former employees contacted and the date(s) of contact(s) and shall maintain and preserve any and all statements or notes resulting from such contacts, whether by phone or in person, as they may be subject to in camera review to ensure compliance with this Order.

Centra asks that the Court issue the same order given by Judge Urbanski in *Bryant* to govern Mr. Valois' contact with former Centra employees. Furthermore, to the extent counsel has gained information from and communicated with former Centra employees pertinent to this lawsuit, Centra asks that Mr. Valois produce such information pursuant to Centra's discovery requests.

6

## II. THE PROPOSED WEBSITE MAY LEAD TO IMPROPER COMMUNICATION WITH CENTRA EMPLOYEES

The proposed website poses additional problems regarding the disclosure of privileged or confidential information. A website communication designed to solicit information about Centra seems particularly likely to elicit privileged or confidential communication from current and former employees, given that Mr. Valois will not be able to filter the conversation or terminate the conversation if the employee were to attempt to provide such information. In *McAirlaids, Inc. v. Kimberly-Clark Corporation et al.*, Case No. 7:12cv00578, ECF No. 43 (April 22, 2013 W.D.Va), this Court stated that Kimberly-Clark's attempt to "contact or communicate with a current employee of McAirlaids is fraught with potential liability and ethical pitfalls for Kimberly-Clark and its counsel" and therefore cautioned against communication with individuals who may have been current McAirlaids' employees. These same concerns are present in Mr. Valois' proposed website.

Though Mr. Valois claims the website is designed to solicit new clients with claims against Centra, disclaimers will provide little protection to Centra. Current and former employees who respond could—inadvertently or intentionally—disclose confidential and privileged information to Mr. Valois. While Centra respects Mr. Valois' ability to solicit new clients who may allege claims against Centra, the fact that Mr. Valois considers his website a marketing tool does not absolve him of the duty to avoid improper disclosure of privileged and confidential information related to Mr. Rose's case. Accordingly, Centra asks for the Court's guidance regarding Mr. Valois' website.

*{#2220642-4, 106642-00076-01}*

## CONCLUSION

Centra respectfully requests that this Court enter an order similar to the one entered in *Bryant v. Yorktowne Cabinetry, Inc.*, 538 F. Supp. 2d 948, 953-54 (W.D.Va. 2008) regarding Mr. Valois' communications with Centra's former employees and that Centra be provided copies of all correspondence between Mr. Valois and any former Centra employee. Centra further asks for the Court's guidance regarding Mr. Valois' website.

Respectfully,

CENTRA HEALTH, INC.

By:  /s/F. Elizabeth Burgin Waller
          Of Counsel

Elizabeth Guilbert Perrow (VSB No. 42820)
F. Elizabeth Burgin Waller (VSB No. 74726)
Justin E. Simmons (VSB No. 77319)
J. Walton Milam III (VSB No. 89406)
WOODS ROGERS PLC
P. O. Box 14125
Roanoke, VA  24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
eperrow@woodsrogers.com
bwaller@woodsrogers.com
jsimmons@woodsrogers.com
wmilam@woodsrogers.com

*Counsel for Defendant Centra Health, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2017, I caused the foregoing document to be filed electronically using the CM/ECF system, which will send notification of the filing all counsel of record.

/s/F. Elizabeth Burgin Waller

{#2220642-4, 106642-00076-01}