CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG. 14, 2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **TERSHAUD SAVORYEA ROSE,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 6:17-cv-00012 |
| **CENTRA HEALTH, INC. et al.,** | ) |
| Defendants. | ) |

## ORDER

In this case, plaintiff Tershaud Savoryea Rose, seeks both compensatory and punitive damages against multiple defendants involved in his pursuit, arrest, and prosecution following Rose's departure from the hospital on February 4, 2016, while he still had an IV lock in his hand. Currently before me are Rose's motions to compel disclosures from defendant Centra Health, Inc. under Federal Rule of Civil Procedure 26(a) (Dkt. No. 46) and to compel answers to plaintiff's first interrogatories to Centra, specifically interrogatories 8, 9, 11, 12, 14, and 18 (Dkt. 61). Also before me are Centra's motions for a protective order prohibiting plaintiff from engaging in *ex parte* communications with Centra's current and former employees (Dkt. No. 54) and to stay discovery (Dkt. No. 71).

Having heard oral argument on these motions on August 10, 2017, I find as follows:

(1) I find that Rose and his counsel are entitled to know how a potential judgment against Centra can be collected. Accordingly, Rose's motion to compel Rule 26(a) disclosures (Dkt. No. 46) is **GRANTED** to the extent that Centra shall amend its Rule 26(a) disclosures within 14 days of this order to explain how the applicable $6,500,000 deductible at issue functions. In the event that it is a declining balance

deductible, then Centra must disclose the next level of insurance coverage, up to a total amount of $6,500,000.

(2) Rose's motion to compel answers to plaintiff's first interrogatories (Dkt. No. 61) is **GRANTED in part and DENIED in part.** I find that Centra's answers to interrogatories 8, 11, and 14 meet the substance of the interrogatories and accordingly, Rose's motion to compel as related to interrogatories 8, 11, and 14 is **DENIED.** However, I find that Centra's answers to interrogatories 9 and 12 did not fully meet the substance of the interrogatories and that Rose's motion to compel is **GRANTED** to the extent that Centra must supplement its answers regarding any known interactions between Rose and Centra employees. Further, to the extent that Centra's investigation is ongoing, Centra must supplement its answers as appropriate, and should certify its intention to do so. Likewise, I find that Centra's answer to interrogatory 18 did not fully meet the substance of the interrogatory and that Rose's motion to compel is **GRANTED** to the extent that Centra shall be required to respond to this contention interrogatory at the conclusion of discovery, including identifying whether the security guards complied with any policies and procedures addressing the type of situation at issue in this case. See Sigman v. CSX Corp., No. 3:15-CV-13328, 2016 WL 7444947, at *2 (S.D.W. Va. Dec. 27, 2016) (noting that "most courts agree that '[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period.'") citing Capacchione v. Charlotte–Mecklenburg Board of Education, 182 F.R.D. 486, 489 (W.D.N.C. 1998); see also Cornell Research Found., Inc. v. Hewlett Packard Co., 223 F.R.D. 55, 66 (N.D.N.Y. 2003) (noting the

"unfairness of requiring a party to prematurely articulate theories which have not yet been fully developed").

(3) I find that additional briefing is necessary regarding Centra's motion for a protective order prohibiting plaintiff from engaging in *ex parte* communications with Centra's current and former employees. This briefing shall include whether any case law supports a request by Centra for the court to order counsel for plaintiff to take down the website at issue, located at http://centraintelligence.com/index.php, which includes fillable forms and the ability to upload files. Accordingly, Centra's motion for a protective order (Dkt. No. 54) is **TAKEN UNDER ADVISEMENT** and Centra shall file additional briefing within 14 days of the entry of this order, and Rose shall have 14 days to respond. During the time period that this motion is under advisement, counsel for plaintiff shall keep a log regarding any information, documents, or submissions obtained from the website for potential in-camera review.

(4) I find that staying discovery is not appropriate at this juncture, as the court has now ruled on the motion to dismiss and Rose has clarified on the record which counts he intends to attempt to revive following that ruling. Accordingly, Centra's motion to stay discovery (Dkt. No. 71) is **DENIED.**

It is **SO ORDERED**.

Entered: August 14, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge