CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/24/2017
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **TERSHAUD SAVORYEA ROSE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No.: 6:17-cv-00012 |
| v. | ) |
| | ) |
| **CENTRA HEALTH, INC. et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Defendant Centra Health, Inc. ("Centra") filed a motion to prohibit counsel for Plaintiff Tershaud Savoryea Rose from engaging in *ex parte* communications with Centra's current and former employees. Dkt. No. 54. Centra sought specific restrictions on Plaintiff's counsel speaking with current and former employees. Additionally, Centra asked the court to limit Plaintiff's counsel's use of a marketing website[1] because it exposed the potential for current and former employees to disclose privileged or confidential information.

Plaintiff's counsel is currently representing a Centra employee, Kenneth Roberts, on an unrelated employment matter, and acknowledges that he cannot ask Mr. Robertson to disclose confidential or privileged information outside the scope of his current representation. Likewise, Plaintiff's counsel acknowledges that the attorney client privilege does not apply to communications with Mr. Roberts involving this case. Otherwise, counsel for Plaintiff represented at the hearing in this matter that he does not intend to speak *ex parte* with any current Centra employee about this case. Finally, Plaintiff's counsel is not currently targeting or aware of

---

[1] As of the date of this order, it appears that the website is not operational, however counsel for Plaintiff represents that it will be restored "soon on a newer server with greater bandwidth." Dkt. No. 84 at 1.

specific former employees with whom he intends to speak, but does not object to an order consistent with the requirements in Bryant v. Yorktowne Cabinetry, 538 F.Supp.2d 948 (W.D. Va. 2008) (M.J. Urbanski) regarding discussions with former employees.

As to the website, Centra does not ask me to order Plaintiff's counsel to take it down, but asks me to direct counsel to modify the content to incorporate certain protections so that any discussions with current or former employees do not involve the disclosure of confidential or privileged information. Dkt. No. 82 at 1–2. Centra lists its primary concerns as: (1) preventing current and former Centra employees from disclosing confidential and/or privileged documents and information to counsel for Plaintiff; (2) preventing current Centra employees and any former Centra employees capable of imputing liability on Centra, from communicating *ex parte,* with counsel for Plaintiff, and (3) requiring counsel for Plaintiff to ensure that the factual representations on the website are "accurate and not misleading." Id. The specific relief Centra seeks is to direct counsel for Plaintiff to: (1) remove the "attach files" option from the website; (2) require an individual to certify that he is not a current or former Centra employee before sending a message to counsel via the website; (3) abide by the guidelines set forth in Bryant, 538 F. Supp. 2d at 953–54, when communicating with former employees capable of imputing liability on Centra; and (4) distinguish between "allegations and undisputed facts" and remove or modify all "indisputably false and misleading representations." Id.

Plaintiff opposes Centra's requests, and asserts that the website complies with all ethical rules regarding contact with Centra's current and former employees. Dkt. No. 84. Plaintiff asserts that the website is "designed primarily to solicit new business that has nothing to do with the pending case, and to the extent that it seeks general information regarding Centra that could

2

potentially attract responses that relate to current representation, the multiple redundant disclaimers on the website are sufficient to conform with the rules." Dkt. No. 84 at 2.

Centra relies heavily upon Judge Urbanski's decision in Bryant to assert that the court not only may, but should require Plaintiff's counsel to include specific language on its marketing website to protect against the potential that a former or current employee contacts counsel and discloses confidential or privileged information. In Bryant, the defendant contended that plaintiff's counsel had engaged in improper *ex parte* telephone communications with a former employee. Judge Urbanski noted that the Virginia Rules of Professional Conduct do not prohibit all communication with former employees by an adverse party, but do forbid an adverse party from obtaining privileged or confidential information. Id. at 949–50.

Indeed, Rule 4.2 of the Virginia Rules of Professional Conduct, "Communication with Persons Represented by Counsel," provides that "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Va. Rules of Professional Conduct, Rule 4.2. This limitation applies to communications by a lawyer for one party concerning the matter in representation with persons in the organization's "control group" as defined in Upjohn v. United States, 449 U.S. 383 (1981), or persons who may be regarded as the "alter ego" of the organization. Comment 7 states:

> The "control group" test prohibits *ex parte* communications with any employee of an organization who, because of their status or position, have the authority to bind the corporation. Such employees may only be contacted with the consent of the organization's counsel, through formal discovery or as authorized by law. An officer or director of an organization is likely a member of that organization's "control group." The prohibition does not apply to former employees or agents of the organization, and an attorney may communicate *ex parte* with such former employee or agent even if he or she was a member of the organization's "control

3

group." If an agent or employee of the organization is represented in the matter by
separate counsel, the consent by that counsel to a communication will be
sufficient for purposes of this Rule.

Va. Rules of Professional Conduct, Rule 4.2, Comment 7. Virginia Legal Ethics Opinion 1670 further explains this provision:

> The committee has previously opined that it is permissible to contact, *ex parte*, employees of an adverse corporation as long as the attorney first discloses their role as an adversary to the corporation in litigation and second the employee does not occupy a position within the corporation such that he or she could commit the corporation to specific courses of action that would lead one to believe the employee is the corporation's "alter ego", i.e., that said employees are members of the corporation's "control group" as defined in Upjohn Co. v. United States, 449 U.S. 383 (1981). Under the alter ego test, any employee who because of their status or position might bind the corporation by their acts or admissions must be contacted only through formal discovery channels and not by *ex parte* methods. (See Legal Ethics Opinion Nos. 347, 530 and 801).

(1996) (available at https://www.vacle.org/opinions/1670.htm).

The Bryant decision also relied upon Virginia Legal Ethics Opinion 1749 (2001) (available at https://www.vsb.org/docs/LEO/1749.pdf), which interpreted the applicable ethical rules to allow an attorney to contact unrepresented former employees of an adverse party so long as the attorney does not inquire into the content of confidential communications. Thus, as Judge Urbanski noted in Bryant, opposing counsel must tread carefully when communicating with former corporate employees to avoid discussing privileged or confidential information. Id. at 953. In an effort to assist attorneys in such situations, the Bryant decision listed five guidelines for counsel when communicating *ex parte* with former employees of an adverse party:

> 1. Upon contacting any former employee, plaintiff's counsel shall immediately identify himself as the attorney representing plaintiff in the instant suit and specify the purpose of the contact.
>
> 2. Plaintiff's counsel shall ascertain whether the former employee is associated with defendant or is represented by counsel. If so, the contact must terminate immediately.

4

> 3. Plaintiff's counsel shall advise the former employee that (a) participation in the interview is not mandatory and that (b) he or she may choose not to participate or to participate only in the presence of personal counsel or counsel for the defendant. Counsel must immediately terminate the interview of the former employee if he or she does not wish to participate.
>
> 4. Plaintiff's counsel shall advise the former employee to avoid disclosure of privileged or confidential corporate materials. In the course of the interview, plaintiff's counsel shall not attempt to solicit privileged or confidential corporate information and shall terminate the conversation should it appear that the interviewee may reveal privileged or confidential matters.
>
> 5. Plaintiff shall create and preserve a list of all former employees contacted and the date(s) of contact(s) and shall maintain and preserve any and all statements or notes resulting from such contacts, whether by phone or in person, as they may be subject to in camera review to ensure compliance with this Order.

Plaintiff objects to application of the <u>Bryant</u> factors in this case as it relates to the website, because they contemplate an attorney contacting a specific former employee of an adverse party, rather than a website inviting the general public to share complaints about an adverse party.

The parties do not dispute the rules and requirements in Virginia regarding contact with current and/or former employees of an opposing party. Rather, the parties disagree as to whether this specific website's invitation to contact counsel for Plaintiff regarding any potential claim against or wrongdoing by Centra, including an option to attach files, improperly invites the risk of prohibited communications in violation of the applicable ethical rules.

The website, on its face, is not a specific solicitation to current or former employees. Rather, the website is a marketing tool by counsel to solicit persons who wish to pursue possible claims against Centra. I decline to order the modifications to the website requested by Centra. I agree with Centra that the website creates the possibility that a current or former employee of Centra may contact Plaintiff's counsel through the website and provide confidential and/or privileged information. That possibility exists regardless of the disclaimers or other protections

5

Centra seeks to add to the website. The specific modifications Centra requests to safeguard against such improper communications—removing the option to attach files, and requiring an individual to certify that they are not a current or former Centra employee—are broader in scope than the rules require and discourage not only improper communications, but also proper communications with Plaintiff's counsel. As Plaintiff's counsel notes, not all communication with former Centra employees is prohibited.

Judge Urbanski crafted guidelines in Bryant to direct attorneys who must tread carefully when contacting current and/or former employees of an adverse party. Those guidelines anticipate direct communication between counsel and a specific employee, and do not contemplate a website inviting information from the general public. I will not order Plaintiff to apply guidelines created for direct person-to-person communication to an advertising website. However, Plaintiff's counsel is ordered to follow the guidelines set forth in Bryant if directly communicating with a former Centra employee.[2] Counsel for Plaintiff is aware of the legal and ethical obligations surrounding *ex parte* communications with current and former Centra employees. The onus is on Plaintiff's counsel to avoid improper communication and counsel risks the consequences that follow such prohibited communication.

Finally, I will not address Centra's complaint of alleged "false and misleading representations" contained on a website that this court cannot currently view, as that is a separate issue from the discovery process in this 42 U.S. C. § 1983 civil rights action, it is not currently ripe as the website is not operational.[3]

---

[2] Counsel, of course, is bound by the applicable limitations on speaking with current employees should he attempt to engage in *ex parte* communications with any current Centra employees. See Upjohn Co. v. United States, 449 U.S. 383 (1981).

[3] The case relied upon by Defendants in support of this request, Self v. TPUSA, Inc., No. 2:08cv395, 2008 WL 4372928 (D. Utah Sept. 19, 2008), is distinguishable as it involved court-ordered changes to a website providing inaccurate and misleading pre-certification communications to putative members of a class action . The court relied

Thus, Defendant's motion for a protective order (Dkt. No. 54) is **DENIED**.

Entered: October 24, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

---

upon a district court's duty and broad authority to exercise control over a class action and enter appropriate orders governing the conduct of counsel and parties. Id. at *2.